IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| KELVIN CHARLES RANSOM, SR., | : | |
| | : | |
| Plaintiff, | : | |
| VS. | : | NO. 4:21-CV-00109-CDL-MSH |
| | : | |
| HARRIS COUNTY SHERIFF'S DEPARTMENT, | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

**RECOMMENDATION OF DISMISSAL**

Presently pending before the Court are the claims of *pro se* Plaintiff Kelvin Charles Ransom, Sr., an inmate most recently housed at the Harris County Jail in Hamilton, Georgia. On August 27, 2021, Plaintiff was ordered to recast his Complaint on the appropriate form and to either pay the Court's filing fee or move for leave to proceed *in forma pauperis*. Plaintiff was also ordered to immediately inform the Court in writing of any change in his mailing address. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions would result in the dismissal of his lawsuit. *See generally* Order, Aug. 27, 2021, ECF No. 8.

The time for compliance has now passed without a response from Plaintiff, presumably because the Court's August 27, 2021 Order was returned as undeliverable with a notation indicating that Plaintiff was no longer housed at the Harris County Jail (ECF No. 9). A search of the Georgia Department of Corrections online offender inquiry system

does not reveal Plaintiff's current whereabouts, and the Court has no other way of locating Plaintiff.  See   http://www.dcor.state.ga.us/GDC/Offender/Query   (searched Ransom, Kelvin) (last accessed Oct. 8, 2021).

As Plaintiff was previously advised, the failure to timely and fully comply with the Court's orders and instructions is a basis for dismissing this case.  This case also cannot proceed if the Court does not have a way to locate or contact Plaintiff, and Plaintiff's failure to keep the Court apprised of his mailing address or other contact information is a failure to prosecute this case that also warrants its dismissal.  It is thus **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED without prejudice** and that all pending motions be **DENIED as moot.**  See Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).  Although it may be an exercise in futility, the Clerk is **DIRECTED** to mail a copy of this Order to Plaintiff at his last known address at the Harris County Jail.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written

2

objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

**SO RECOMMENDED**, this 8th day of October, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE